FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 30, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JESUS BARTOLO ZAVALA-ALVAREZ,<br><br>    Defendant. | No. 4:20-CR-06016-SAB-3<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

Before the Court is Defendant's Motion for Compassionate Release, ECF No. 202. Defendant is *pro se.* The United States is represented by Stephanie Van Marter and Ian Garriques. The motion was considered without oral argument.

On March 31, 2021, Defendant pled guilty to Possession with Intent to Distribute 50 Grams or More of Actual (Pure) Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii); and Possession with the Intent to Distribute 400 Grams or more of Fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vi) and 18 U.S.C. § 2. On April 11, 2022, Defendant was sentenced to 135 months imprisonment and 5 years supervised release. Defendant's projected release date is November 9, 2028. *See* BOP Inmate Finder, https://www.bop.gov/inmateloc (last visited May 29, 2025).

Defendant asks the Court to reduce his sentence of incarceration to time-served. Defendant asserts he experienced harsh conditions during the COVID-19

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE ~ 1**

pandemic, suffers from long-COVID and related health issues, and requires rehabilitation. He has so far served 50 percent of his 135-month sentence and is currently housed at a low-security facility in Oakdale, Louisiana.

After reviewing the Section 3553(a) factors, caselaw, and Defendant's Motion, the Court **denies** the motion for compassionate release.

## MOTION STANDARD

Generally, a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c); *see also Dillon v. United States,* 560 U.S. 817, 824 (2010) ("A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.") (internal alterations omitted). Compassionate release, however, provides an exception to this general rule in extraordinary cases. *See* 18 U.S.C. § 3582(c)(1)(A). Prior to the enactment of the First Step Act in December 2018, only the Bureau of Prisons (BOP) could raise the issue of compassionate release. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A), however, with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115–391, 132 Stat. 5194, at 5239. Section 3582(c)(1)(A) now allows a federal prisoner to seek compassionate release after exhausting all administrative remedies with the BOP.[1]

Section 3582(c)(1)(A) permits a court to reduce the term of imprisonment after considering the factors set forth in Section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing

---

[1] Defendant indicates he submitted requests to the Warden of FCI-Oakdale II on January 9, 2025, and again on March 11, 2025, and he did not receive a response to either. He filed the instant motion on April 22, 2025, more than 30 days since submitting his request and satisfying the standard under 18 U.S.C. § 3582(c)(1)(A).

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE ~ 2**

Commission." 18 U.S.C. § 3583(c)(1)(A). The purpose of compassionate release is to provide a "safety valve with respect to situations in which a defendant's circumstances had changed such at the length of continued incarceration no longer remained equitable." *United States v. Chen*, 48 F.4th 1092, 1098–99 (9th Cir. 2022).

Further, the Ninth Circuit has instructed that in deciding whether to grant a defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), district courts must consider (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) the sentencing factors set forth in 3553(a) to the extent they are applicable. *United States v. Keller*, 2 F.4th 1278, 1283–84 (9th Cir. 2021). Each step of this analysis qualifies as an independent ground to deny a motion for compassionate release. *United States v. Wright*, 46 F.4th 938, 947 (9th Cir. 2022). Defendant bears the burden of "establish[ing] his eligibility for compassionate release." *Id.* at 951.

Congress has not provided a statutory definition of "extraordinary and compelling reasons." *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam).[2] In November 2023, the United States Sentencing Commission updated Section 3582 to further define what qualifies as "extraordinary and compelling reasons" for compassionate release. U.S.S.G. § 1B1.13 (last amended Nov. 1, 2023). It identified six circumstances that may reach the standard: (1) medical circumstances; (2) age; (3) family circumstances; (4) whether the

---

[2] Instead, Congress instructed the United States Sentencing Commission that "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, [it] shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Aruda*, 993 F.3d at 800 (citing 28 U.S.C. §§ 944(t); 944(a)(2)(C)).

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE ~ 3**

defendant experienced abuse in custody; (5) alternate but similar reasons to 1–4; and (6) an unusually long sentence. However, the amendment is still informative and not binding for the district court. *Aruda*, 993 F.3d at 802.

## ANALYSIS

To decide Defendant's compassionate release request, the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes by the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care, and other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). The Court must impose a sentence that is sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. *United States v. Lizarraras-Chacon*, 14 F.4th 961, 966 (9th Cir. 2021) (citation omitted).

Defendant was found in a residence with several thousand fentanyl-laced pills, pounds of methamphetamine, and money connected to a broader drug conspiracy run by his co-defendants. He also had a firearm and ammunition in his bedroom.

Based on Defendant's acceptance of responsibility reduction and a firearms enhancement under U.S.S.G. § 2D1.1(b)(1) and (b)(2), the U.S.S.G. calculations resulted in a Total Offense Level of 37 and Criminal History Level I, with a resulting range of 210 – 262 months. The amount of drugs also triggered the 120-month mandatory minimum sentence.

The United States and U.S. Probation recommended sentences below the Guidelines range. Defendant requested the mandatory minimum. Defendant argues

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE ~ 4

he received an unusually long sentence, but the Court considered Defendant's lack of criminal history and sentenced him below the Guidelines range at 135 months. He also states if he were sentenced today, he would receive consideration under Safety Valve, 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. But the Court determined at sentencing he did not qualify due to the possession of a firearm during and in connection to the offense.

Further, a review of Defendant's criminal history shows no history, which does not lead to concern for recidivism.

Defendant also discusses an Amendment 821 reduction, for which this Court previously determined he did not qualify. ECF No. 201. He also argues he is not a danger to the community, poses a low risk of recidivism, has been sufficiently rehabilitated while in prison, and has a viable release plan.

In reviewing the Section 3553(a) factors, the caselaw, and Defendant's motion, the Court finds that Defendant **is not entitled** to a sentence reduction. The 135-month sentence Defendant received is sufficient but not greater than necessary to reflect the seriousness of his underlying offense, provide just punishment, and afford adequate deterrence to criminal conduct.

Though not required, the Court also considered whether Defendant's motion presented "extraordinary and compelling" circumstances under the new U.S.S.G. amendment. Defendant identifies harsh conditions during the COVID-19 pandemic and long-COVID health issues. The Court finds the conditions and circumstances listed in Defendant's motion do not rise to the level of "extraordinary and compelling."

//
//
//
//
//

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE ~ 5**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Compassionate Release, ECF No. 202, is **DENIED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and provide copies to counsel and to *pro se* Defendant.

**DATED** this 30th day of May 2025.



_____
Stan Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE ~ 6**